**Patricio MENDOZA–ACOSTA a/k/a
Guadalupe H. Aguilar,
Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 21754.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 31, 1968.

Decided Feb. 11, 1969.

Mr. Marshall E. Miller, Washington, D. C., with whom Mr. H. Hugo Perez (both appointed by this court) was on the brief, for appellant.

Mr. James E. Kelley, Jr., Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and William H. Collins, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before PRETTYMAN, Senior Circuit Judge, and DANAHER * and WRIGHT, Circuit Judges.

PER CURIAM:

Indicted on a charge of first degree murder, this appellant attacks his conviction of the lesser included offense of second degree murder. Since we deem a remand to be required, we mention only a few of the highlights developed at trial.

Some time in the afternoon of October 9, 1966, one Leticia Salazar was murdered in her apartment at 1465 Columbia Road, N. W., and her blood stained corpse was found about 6 P.M. A deputy coroner described the fatal wounds as "cleanly incised," inflicted by a sharp and heavy instrument. No weapon was found in the apartment, but the police there found a partially filled Newport cigarette package upon which was a fingerprint which matched a known print of the appellant's middle left finger. The expert could not tell when the latent print had been placed upon the package but he testified that a print would last approximately three or four days. Other evidence established that the appellant had had occasion to visit that apartment. Just outside the door in the hallway a detective found a Newport cigarette butt upon which blood was perceived.

Clearly established were the whereabouts of the appellant both before and after the hours within which the crime must have been committed.

Detectives located three boys, aged 8 and 9 and 14, each of whom had seen coming from the victim's apartment house, or in its immediate vicinity, a "Spanish" looking individual with a mustache. That individual had driven away a blue Volkswagen station wagon. It developed that such a vehicle was owned by this appellant's employer who had permitted him to borrow the car that day. Missing from its usual place

---

* Circuit Judge Danaher became Senior Circuit Judge on January 23, 1969.

on the employer's premises was a sharp, hooked pruning knife with a 5-inch blade, capable of cutting through heavy branches, which the appellant used while employed as a gardener on the grounds of the employer. When the blue station wagon was examined, blood stains were found in the car.

On the day following the murder the three boys were taken to La Plata. Maryland police there conducted a line-up which included this appellant, a citizen of Mexico, and three white men of "Anglo-Saxon appearance," none of whom had a mustache.

The trial was not commenced until December 14, 1967. Defense counsel voiced objection to identification evidence when offered through the three boys. He stated that he relied upon the *Wade* case.[1] But, of course, the Supreme Court had decided in Stovall v. Denno[2] that *Wade* was not to be given retroactive effect.

The Government would have us say that since trial counsel had relied upon *Wade,* and had not raised a *Stovall* issue, the appellant should be foreclosed from raising a *Stovall* claim on this appeal. We do not agree. We are satisfied that the court and the Government were sufficiently on notice that a *Stovall* inquiry should have been conducted. To cure the omission it is our view that the case should be remanded. The trial court should determine whether or not the confrontation at La Plata was so unnecessarily suggestive and conducive to a possible mistaken identification as to be tantamount to a denial of due process of law. Our order of remand will include specifications of avenues to be explored with respect to which, after an evidentiary hearing, the trial judge will make findings of fact and state his conclusions

of law. Pending perfection of the record as herein directed, we will retain jurisdiction.

Remanded for further proceedings in accordance with our order.

---

1. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, had been decided June 12, 1967. Trial counsel argued particularly that the accused had been denied the right to counsel at the lineup.

2. 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).